**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 09-cr-00172-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BARNEY ANTHONY TRUJILLO,

    Defendant.

---

**ORDER RECONSIDERING THE COURT'S PRIOR ORDER GRANTING
DEFENDANT'S MOTION TO VACATE**

---

This matter comes before the Court on the Government's Motion (Doc. # 36) requesting that the Court reconsider its Order (Doc. # 34), issued on December 1, 2016, granting Defendant Barney Anthony Trujillo's Motion to Vacate (Doc. # 28). Defendant has not responded or otherwise objected to the Government's Motion. Based on recently issued Tenth Circuit decisions, the Court grants the Motion, reconsiders its December 1, 2016, Order, and denies Defendant's Motion to Vacate.

The Court's December 1, 2016, Order granted Defendant's motion to vacate based in part on this Court's determination that aggravated robbery under Colo. Rev. Stat. § 18-4-302(1) does not constitute a crime of violence under the force clause of the United States Sentencing Guidelines § 4B1.2(a)(1). That conclusion was partly based on this Court's understanding that simple robbery under Colo. Rev. Stat. § 18-4-301(1) does not constitute a crime of violence under the force clause of § 4B1.2(a)(1). *See*

*United States v. Durete,* No. 14-CR-071-WJM-1, 2016 WL 5791199, at *5 (D. Colo. Sept. 13, 2016) (Colorado cases make clear that the amount of force necessary to commit simple robbery does not rise to the *Curtis Johnson* definition of "physical force."); *People v. Davis,* 935 P.2d 79 (Colo. App. 1996). Had this Court instead concluded that Colorado robbery is a crime of violence under the force clause of § 4B1.2(a)(1), petitioner's motion would have necessarily been denied.

On January 4, 2017, the Tenth Circuit Court of Appeals issued *United States v. Harris*, No. 16-1237, ___ F.3d ___ (10th Cir. Jan. 4, 2017), and held that simple robbery under § 18-4-301(1) is a "crime of violence" under the force clause of the ACCA. *Harris* affirmed this Court's decision in *United States v. Harris*, Case No. 04-cr-00158-CMA (D. Colo. June 8, 2016), which partly forms the basis for the Government's Motion to Reconsider (Doc. # 36). Also on January 4, 2017, the Tenth Circuit issued *United States v. Crump*, No. 15-1497 (10th Cir. Jan. 4, 2017), holding that simple robbery under § 18-4-301(1) is considered a crime of violence under the force clause of § 4B1.2(a)(1).

Because this Circuit now holds that Colorado simple robbery, § 18-4-301(1), falls within the scope of the force clause of § 4B1.2(a)(1), so too must aggravated robbery, § 18-4-302(1). *See* 18-4-302(1) ("robbery" is a prerequisite to an "aggravated robbery" conviction).

Accordingly, the Court reconsiders its December 1, 2016, Order (Doc. # 34) and concludes that Defendant's sentence enhancement under § 4B1.2(a) remains valid after the Supreme Court's decision *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), because aggravated robbery constitutes a crime of violence that falls within the

force clause of that guideline provision.  See *Crump*, No. 15-1497; *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Grounds warranting a motion to reconsider include "an intervening change in the controlling law"); *United States v. Spedalieri,* 910 F.2d 707, 709 n. 2 (10th Cir. 1990) (the district court is bound to follow the decisions of the Tenth Circuit); *Horton v. Davis*, No. 12-CV-00349-REB-BNB, 2013 WL 1365861, at *1 (D. Colo. Apr. 4, 2013) (same).

Therefore, the Court ORDERS as follows:

1. The Government's Motion to Reconsider (Doc. # 36) is GRANTED.
2. The Defendant Barney Anthony Trujillo's Motion to Vacate (Doc. # 28) is DENIED.
3. The Court's Order (Doc. # 34) and Final Judgment (Doc. # 35), issued on December 1, 2016, are VACATED.
4. The Court's judgment dated October 14, 2009 (Doc. # 26) is REINSTATED.
5. The resentencing hearing, which was scheduled for Tuesday, January 31, 2017, at 11:00 a.m. is VACATED.

DATED: January 6, 2017

BY THE COURT:

*[signature]*

CHRISTINE M. ARGUELLO
United States District Judge